FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 FEB 24 PM 3:24
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANGELA FIELDS,)
)
Plaintiff,)
)
v.) CASE NO. CV414-286
)
CAROLYN W. COLVIN, Acting)
Commissioner of Social Security,)
)
Defendant.)
)

# O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 15), to which objections have been filed (Doc. 17). In her objections, however, Plaintiff largely repeats the same arguments contained in her initial brief and fails to directly respond to any of the Magistrate Judge's conclusions. As a result, and for the more specific reasons stated below, the Court finds Plaintiff's objections to be without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case and the Commissioner's decision denying benefits is **AFFIRMED**. The Clerk of Court is directed to **CLOSE** this case.

In her objections, Plaintiff argues again that the Administrative Law Judge's ("ALJ") evaluation of the medical opinions is not supported by the evidence. (Doc. 17 at 1.) Specifically, Plaintiff argues that the ALJ did not give proper

weight to Plaintiff's examining neuropsychologist, Dr. Grant; Plaintiff's treating neurologist, Dr. Carter; Plaintiff's treating primary-care physician, Dr. Bryant; and a therapist who performed a functional capacity evaluation on Plaintiff; Dr. Prado. (Doc. 17 at 1.) Foremost in Plaintiff's objections is the relatively little weight that the ALJ gave Dr. Grant's evaluation of Plaintiff's functioning in light of Dr. Grant's battery of tests and expertise. (Doc. 17 at 1-2.) As the Magistrate Judge properly pointed out, however, Dr. Grant's report is "inconsistent with other record evidence," not the least of which were evaluations by two of Plaintiff's treating neurologists—Drs. Bodziner and Hemphill—who observed that Plaintiff was performing normally. (Doc. 15 at 15-16.)

Furthermore, the Magistrate Judge also properly noted that there was no error in discounting the agreements of Drs. Bryant, Carter and Prado with Dr. Grant's evaluation. The record before the Court reflects inconsistencies between objective medical evidence and Drs. Grant, Carter and Prado's conclusion that Plaintiff was disabled. See Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (ALJ may not give treating physician's opinion substantial or considerable weight where "treating physician's opinion was conclusory or inconsistent with the doctor's own medical records"). The fact that Plaintiff disagrees with the ALJ's decision, or that there is other evidence in the record

2

that weighs against the ALJ's decision, does not mean that the decision is unsupported by substantial evidence. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence."). Accordingly, the objection is without merit.

Plaintiff also argues that the ALJ failed to provide explicit and supported reasons for finding Plaintiff not credible. (Doc. 17 at 6.) As the Magistrate Judge clearly explained, however, the ALJ considered all the evidence and merely found other evidence more persuasive in finding against Plaintiff's credibility. Specifically, the ALJ noted that Plaintiff's stated limitations were not supported by medical evidence and the record. (Doc. 6 at 36); see Foote v. Chater, 67 F.3d 1553, 1561 (claimant's subjective testimony "sufficient to support a finding of disability" when "supported by medical evidence"). Accordingly, the Court concurs with the Magistrate Judge that the ALJ articulated sufficient reasons for discrediting Plaintiff's testimony and that the decision was supported by substantial evidence.

For the reasons stated above, the Report and Recommendation (Doc. 15) is **ADOPTED** as the Court's opinion and the

Commissioner's decision denying benefits is **AFFIRMED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 24th day of February 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4